UNITED STATES of America, Plaintiff–Appellee,

v.

Juan JAQUEZ, Defendant–Appellant.

No. 15–6194.

United States Court of Appeals, Tenth Circuit.

Feb. 18, 2016.

Steven W. Creager, David Patrick Petermann, Esq., Office of the United States Attorney, Oklahoma City, OK, for Plaintiff–Appellee.

Susan M. Otto, Federal Public Defender, Office of the Federal Public Defender, Oklahoma City, OK, for Defendant–Appellant.

Before KELLY, HOLMES, and MORITZ, Circuit Judges.

ORDER AND JUDGMENT *

NANCY L. MORITZ, Circuit Judge.

Juan Jaquez was convicted of conspiring to possess five or more kilograms of co-

caine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He is currently serving a 120–month prison term—the minimum sentence mandated for his conviction by 21 U.S.C. § 841(b)(1)(A)(ii)(II).

Proceeding pro se, Jaquez filed a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on his belief that Amendment 782 to the Guidelines lowered his applicable sentencing range. The district court appointed counsel to assist Jaquez and, through counsel, Jaquez acknowledged his ineligibility for relief under Amendment 782. The district court then denied Jaquez' motion, concluding it lacked authority to reduce his sentence because Amendment 782 didn't alter the minimum sentence mandated by statute. *See United States v. Smartt*, 129 F.3d 539, 542 (10th Cir.1997) (finding defendant ineligible for reduced sentence under § 3582(c)(2) because Guidelines amendment didn't alter statute mandating his minimum sentence).

Because Jaquez doesn't challenge the correctness of that ruling and filed this appeal only to preserve this issue in the event of future changes in the law, we affirm.

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R.App. P. 32.1; 10th Cir. R. 32.1.